RUSSELL v. UNITED STATES.

(Circuit Court, S. D. New York. February 16, 1897.)

CUSTOMS DUTIES—IMPORTATIONS FOR TEMPORARY USE—FAILURE TO RE-EXPORT—RATE OF DUTY.

Articles admitted free of duty for temporary use, under paragraph 596 of the tariff act of 1894, do not become subject to any duty until the importer, within or at the end of the period allowed by law, has elected not to export them; and are then subject to the rate of duty in force at such time, and not to that in force when they were imported.

Comstock & Brown, for importer.
Henry C. Platt, Asst. U. S. Atty.

TOWNSEND, District Judge (orally): On October 27, 1894, Miss Lillian Russell imported into the port of New York certain theatrical woolen wearing apparel, which was admitted free of duty for temporary use upon bonds being given in accordance with the provisions of paragraph 596 of the tariff act of August 28, 1894. The entry was liquidated May 3, 1895. The time for exportation was extended for six months. The duties assessed under provisions of paragraph 396 of act of 1890 were paid October 30, 1895, under protest, which protest was lodged with the collector November 1, 1895. The board of general appraisers, affirming the action of the collector, overruled the protest. The importer appeals, claiming that the merchandise did not become subject to duty until after January 1, 1895, by virtue of the provisions of paragraph 297 of the tariff act of 1894, which are as follows: "The reduction of the rates of duty herein provided for manufactures of wool, shall take effect Jan. 1, 1895." I think the importer is correct in this contention. It does not appear what form of bond was exacted by the collector, but upon the assumption that he fulfilled his legal duty it was "for the payment to the United States of such duties as may be imposed upon all such articles as shall not be exported within six months (or one year) after such importation." Section 596 expressly provides that "for temporary use * * * these articles shall be admitted free of duty." During the period of six months, or one year, the importer had her election to determine whether she would or would not export said articles, and, until she exercised such election, the collector, at least in the absence of proof of bad faith, had no au-

thority to impose any duty on such free goods. If during or at the end of said period she elected to assert her prerogative, and change her mind, then, and not until then, did the collector acquire the right to impose a duty upon such articles as should not be exported. As the reduction of rates of duty provided for manufactures of wool took effect January 1, 1895, such rates were the ones imposed by law when these articles first became dutiable. The decision of the board of general appraisers is reversed.